MICHAEL N. FEDER (Nevada Bar No. 7332)
JOHN L. KRIEGER (Nevada Bar No. 6023)
FRANCHESCA V. VAN BUREN (Nevada Bar No. 10260)
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89109
(702) 949-8200
(702) 949-8398 fax

Attorneys for Plaintiff
*Zuffa, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZUFFA, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>UBISOFT, INC., a California corporation,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) Trademark Infringement under 15 U.S.C. § 1114<br><br>(2) Unfair Competition under 15 U.S.C. § 1125(a)<br><br>(3) Trademark Dilution under 15 U.S.C. § 1125(c)<br><br>(4) Common Law Trademark Infringement<br><br>(5) Deceptive Trade Practices under N.R.S. § 598.0903, et seq. |

For its complaint, ZUFFA, LLC ("Zuffa") alleges as follows:

### NATURE OF THE CASE

This is an action for trademark infringement, trademark dilution and unfair competition under federal statutes, with pendent state and/or common law claims for trademark infringement, and deceptive trade practices. Zuffa seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Zuffa's state and common law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant based upon the following: (a) Defendant distributes video games into the marketplace so as to make such merchandise available to Nevada citizens, and (b) Defendant has committed tortious acts that it knew or should have known would cause injury to Zuffa in the State of Nevada.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and 1391(c). Venue lies in the unofficial Southern division of this Court.

## PARTIES

4. Plaintiff Zuffa, LLC is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.

5. Zuffa is informed and believes, and thereupon alleges, that Defendant Ubisoft, Inc. ("Ubisoft") is a California corporation with its principal place of business located in San Francisco, California.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Zuffa, LLC does business as the ULTIMATE FIGHTING CHAMPIONSHIP® ("UFC®") brand, both registered trademarks. Zuffa is a private company that promotes sanctioned Mixed Martial Arts ("MMA") contests or exhibitions.

7. MMA contests involve bouts between athletes skilled in the various disciplines of all martial arts including karate, jiu-jitsu, boxing, kick-boxing, grappling, wrestling and other combat sports.

8. When Zuffa took over the fledgling UFC® brand in 2001, MMA was banned in most states and had been branded by Sen. John McCain, Arizona Republican, as "human cockfighting." Since then, Zuffa has worked diligently and tirelessly to clean up MMA's image, improve fighter safety and transform MMA into a legitimate sport.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

9. Today's UFC® bouts are governed by The Unified Rules of Mixed Martial Arts Combat, as adopted in Nevada on July 23, 2001. These rules feature five (5) weight classes, rounds, time limits, a list of over thirty-one (31) fouls, and eight (8) possible ways for the fight to end. Referees are trained to move in quickly and stop a bout when a fighter is defenseless.

10. Indeed, the goal of the Unified Rules of Mixed Martial Arts Combat rules is to ensure the safety of the fighters participating in MMA bouts.

11. This differs greatly from the rules present in unsanctioned bouts (otherwise known as illegal street fighting), which generally allow for no weight classes, no time limits, no rounds, two (2) methods of victory, and only three (3) fouls.

12. The UFC® features legitimate, world-class athletes, not barroom brawlers and street fighters. Many of them are former college wrestling champions or world champions in specific martial arts categories, such as Muay Thai and Jiu-Jitsu.

13. Additionally, all fighters are subject to the same medical and pre- and post-fight drug testing as boxers.

14. Today, forty-four (44) states sanction MMA events. In contrast, a mere dozen years ago, thirty-six (36) states banned the sport outright.

15. UFC® spends a substantial amount of time and money promoting the brand that it has elevated to such successful heights.

16. Plaintiff televises many of its MMA contests through pay-per-view, cable and satellite broadcasts within the United States and around the world. In addition, substantial UFC® content, such as the ULTIMATE FIGHTER®, UFC® Unleashed and UFC® Fight Nights are featured on the Spike TV cable television channel, a channel that is available in over 90 million U.S. households.

17. As a result of the extensive advertising and promotion of the ULTIMATE FIGHTING CHAMPIONSHIP® brand, "ULTIMATE FIGHTING," either standing alone or in conjunction with the word "CHAMPIONSHIP," has become and is distinctive and famous for mixed martial arts. "ULTIMATE FIGHTING" and "ULTIMATE FIGHTING CHAMPIONSHIP" have acquired a special significance and meaning to the consuming public

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

as identifying Zuffa and the UFC® as the source of origin of goods and services, and mixed martial arts in particular, which bear the "ULTIMATE FIGHTING"® name and mark.

18. The UFC® names and logos are trademarks that are owned by Plaintiff and registered on the Principal Register of the United States Patent and Trademark Office, including, among others:

    a. ULTIMATE FIGHTING: Registration No. 2,925,669 for goods and services, namely, compact discs, laser video discs, digital video discs, digital versatile discs and CD-ROM discs, all featuring sports events and mixed martial arts; computer software for programming video games in the field of sports and entertainment; video game cartridges and discs; computer game cartridges;

    b. UFC: Registration No. 2,941,044 for goods and services, namely CD-ROM discs all featuring mixed martial arts competitions, events and programs; computer game programs; video game cartridges and discs;

    c. UFC: Registration No. 2,706,754 for goods and services, namely, digital video discs, digital versatile discs, all featuring sports and entertainment; video game cartridges and discs; and

    d. UFC: Registration No. 3,004,864 for goods and services, namely pre-recorded compact discs featuring sports and entertainment.

(collectively, the "UFC Marks"). These federal trademark registrations have not been abandoned, canceled, or revoked. Moreover, these federal registrations have or will become incontestable through the filing of Section 8 and 15 affidavits in the Patent and Trademark Office.

19. Based on its federal trademark registrations and extensive use, Plaintiff owns the exclusive right to use the UFC® Marks, including the mark ULTIMATE FIGHTING®, in connection with MMA contests or exhibitions and related goods and services, such as video games.

20. Since 1993, Plaintiff and its predecessors-in interest have continuously used the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, in connection with advertising and promoting the property in the United States and around the world. The UFC® Marks, including the ULTIMATE FIGHTING® name and mark, have become distinctive and famous in the United States. Plaintiff and its predecessors-in-interest have spent millions of dollars to advertise and promote the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, in print, broadcast media, and on the Internet through the UFC® website accessible throughout the United States and around the world at <ufc.com>, among others. True and accurate copies of the homepage at Plaintiff's Website, and an internal webpage, are attached hereto as Exhibit 1 and are incorporated by this reference. In addition, Plaintiff has made extensive use of the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, on, among other things, signage, wearing apparel, souvenirs, promotional materials, in connection with the broadcast of MMA events, and video games.

21. Moreover, Zuffa has entered into license agreements with certain video game manufacturers that have produced numerous mixed martial arts video games lawfully using UFC® fighters, which, in turn, use the UFC® and the ULTIMATE FIGHTING® names and marks.

22. For example, "Undisputed 2009" for XBox 360 and Playstation 3 was released for sale to the public on May 19, 2009; and "Undisputed 2010," the sequel, for XBox 360, Playstation 3, and Playstation Portable, was released for sale to the public on May 25, 2010. "Undisputed 2009" and "Undisputed 2010" both note on their respective back covers that the ULTIMATE FIGHTING® name and mark is a registered trademark.

23. In addition, Zuffa's licensee released "Sudden Impact" for Playstation 2 for sale to the public on April 21, 2004. "Sudden Impact" notes on its front cover that the ULTIMATE FIGHTING® name and mark is a registered trademark.

24. Zuffa is informed and believes, and thereupon alleges, that Defendant recently released for sale to the public "Fighters Uncaged," a mixed martial arts video game about

illegal street fighting for XBox 360. The video game is being made available for purchase within the United States, including to residents of the State of Nevada.

25. On the back cover of the video game, Defendant invites players to "Become the ULTIMATE FIGHTING weapon!", setting the words "ULTIMATE FIGHTING" apart from the other text by depicting the words in bolded capital letters. A true and accurate copy of the back cover of the video game is attached hereto as Exhibit 2.

26. Defendant's use of the ULTIMATE FIGHTING name and mark is identical or confusingly similar to the use of the UFC® Marks, including the ULTIMATE FIGHTING® name and mark on Zuffa's licensed video games.

27. By using the words ULTIMATE FIGHTING®, and setting them apart in all capital letters, Defendant is creating or attempting to create an association between its product, "Fighters Uncaged," and the UFC®. By using the ULTIMATE FIGHTING® name and mark on its video game, Defendant is attempting to trade on the goodwill of the UFC®.

28. Zuffa is informed and believes, and thereupon alleges, that the target audiences for Zuffa and Defendant are one and the same—16 to 35 year old thrill-seeking men. Accordingly, Defendant deliberately used Zuffa's names and marks in a conscious effort to appeal to its target audience, knowing that the target audience is familiar with Zuffa's names and marks and is likely to make the association between its video game and the UFC®.

29. Furthermore, Defendant's invitation for players to "[c]harge head first into the vicious world of illegal fighting" tarnishes the goodwill Zuffa has in its UFC® Marks, including the ULTIMATE FIGHTING® name and mark. Defendant is attempting to draw a connection between its video game of illegal street fighting, and Zuffa's UFC® and ULTIMATE FIGHTING® names and marks. Zuffa has grown a successful MMA organization by moving away from the image of MMA as illegal street fighting, and taking it into the realm of a legitimate sport. This was no easy task, and required years and much effort to reach today's legitimacy and widespread acceptance.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

563601.1

30. Defendant does not have and has never had any license, authorization, permission and/or consent to use any of Plaintiff's trademarks in any manner. Defendant is not now nor has Defendant ever been affiliated with Plaintiff.

**COUNT I**
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114)

31. Zuffa incorporates the allegations in the preceding paragraphs as if fully set forth herein.

32. Defendant is using in commerce the words ULTIMATE FIGHTING®, which is a trademark belonging to Zuffa.

33. Defendant's use in commerce of the UFC® Marks, including the ULTIMATE FIGHTING® name and mark for its video game, constitutes a reproduction, copying, counterfeiting, and colorable imitation of Zuffa's trademark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

34. By using the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, with the knowledge that Zuffa owns and has used, and continues to use, its trademarks, including the ULTIMATE FIGHTING® name and mark, across the United States and around the world, Defendant has intended to cause confusion, cause mistake, or deceive consumers.

35. Defendant is using a mark that is the same and/or confusingly similar to the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, in connection with the sale, offering for sale, or advertising of a product in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Zuffa and/or the UFC®, or as to the origin, sponsorship, or approval of Defendant's product or commercial activity by Zuffa.

36. Defendant's use of the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, has created a likelihood of confusion among consumers who may falsely believe that Defendant's video game is associated with Zuffa and/or the UFC® or that Zuffa and/or the UFC® sponsor or approve of Defendant's services or commercial activities.

37. Zuffa is informed and believes, and thereupon alleges that, Defendant's use of

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

563601.1

1  Zuffa's mark(s) and/or a mark(s) confusingly similar to the UFC® Marks, including the
2  ULTIMATE FIGHTING® name and mark, was intentionally and willfully done with the
3  knowledge that Zuffa owns and has used, and continues to use, its trademarks.

4      38.    As a direct and proximate result of Defendant's infringement, Zuffa has suffered,
5  and will continue to suffer, monetary damages and irreparable injury to its business, reputation,
6  and goodwill.

**COUNT II**
(Unfair Competition under
the Lanham Act, 15 U.S.C. § 1125(a))

9      39.    Zuffa incorporates the allegations in the preceding paragraphs as if fully set forth
10 herein.

11     40.    Defendant's use in commerce of a mark that is the same and/or confusingly
12 similar to the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, in
13 connection with Defendant's video game, constitutes a false designation of origin and/or a false
14 or misleading description or representation of fact, which is likely to cause confusion, cause
15 mistake, or deceive as to affiliation, connection, or association with Zuffa, or as to the origin,
16 sponsorship, or approval of Defendant's services or commercial activities by Zuffa.

17     41.    Defendant's use in commerce of Zuffa's mark(s) and/or a mark(s) confusingly
18 similar to the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, with the
19 knowledge that Zuffa owns and has used, and continues to use, its trademarks constitutes
20 intentional conduct by Defendant to make false designations of origin and false descriptions
21 about Defendant's services and commercial activities.

22     42.    As a direct and proximate result of such unfair competition, Zuffa has suffered,
23 and will continue to suffer, monetary damages and irreparable injury to its business, reputation,
24 and goodwill.

**COUNT III**
(Trademark Dilution under
the Federal Anti-Dilution Act, 15 U.S.C. § 1125(c))

27     43.    Zuffa incorporates the allegations in the preceding paragraphs as if fully set forth
28 herein.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

563601.1

44. Zuffa's trademarks are inherently distinctive. Through their adoption and consistent and extensive use, Zuffa's trademarks have acquired fame.

45. Defendant began using a mark(s) that is the same and/or nearly identical to the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, in connection with its video game after the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, became famous.

46. Defendant's use of Zuffa's mark(s) and/or a mark(s) nearly identical to the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, has and will cause dilution of the distinctive quality of Zuffa's trademarks by tarnishing the name and the mark, and will otherwise cause irreparable injury to Zuffa's business, reputation, and goodwill.

47. Defendant's video game tarnishes the reputation of the UFC® by making an unauthorized and false connection between illegal street fighting and the UFC® Marks, including the ULTIMATE FIGHTING® name and mark.

48. Any implied connection between the UFC® and illegal street fighting is detrimental to Zuffa's business, and Zuffa has gone to great lengths over the years to establish MMA as a legitimate sport, and distance itself from the image of illegal street fighting.

49. Zuffa is informed and believes, and thereupon alleges, that Defendant's use of Zuffa's mark(s) and/or a mark(s) confusingly similar to the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, was willful in nature, in that Defendant willfully intended to trade on the reputation of Zuffa and/or the UFC® and cause dilution of the UFC® Marks, including the ULTIMATE FIGHTING® name and mark.

50. As a direct and proximate result of Defendant's dilution of Zuffa's mark(s), Zuffa has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

### COUNT IV
(Common Law Trademark Infringement)

51. Zuffa incorporates the allegations in the preceding paragraphs as if fully set forth herein.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

52. By virtue of having used and continuing to use the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, Zuffa has acquired common law trademark rights in the UFC® Marks, including the ULTIMATE FIGHTING® name and mark.

53. Defendant's use of a mark(s) the same and/or confusingly similar to the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, infringes Zuffa's common law rights in its ULTIMATE FIGHTING® name and mark, and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's video game originates from, or is affiliated with, or endorsed by Zuffa an/or the UFC®, when, in fact, it is not.

54. As the direct and proximate result of Defendant's infringement of Zuffa's common law trademark rights under Nevada and other common law, Zuffa has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

## COUNT V
(Deceptive Trade Practices under N.R.S. § 598.0915)

55. Zuffa incorporates the allegations in the preceding paragraphs as if fully set forth herein.

56. Zuffa is informed and believes, and thereupon alleges, that in the course of conducting its business, Defendant knowingly made a false representation as to an affiliation, connection and/or association with Zuffa and the UFC® by using a mark(s) identical and/or confusingly similar to the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, and otherwise engaged in deceptive trade practices.

57. As the direct and proximate result of Defendant's deceptive conduct, Zuffa has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Zuffa respectfully prays that the Court grant the following relief:

A. That Defendant, its agents, servants, employees, licensees, sponsors, associates, affiliates and attorneys, and all persons acting by, through, or in active concert with any of them,

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

be preliminarily and permanently enjoined:

 i. From using the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, in connection with video games or any other products or services, or in connection with any publicity, advertisements, or endorsements thereof);

 ii. From committing any act which falsely represents or which has the effect of falsely representing that the goods or services of the Defendant are licensed, authorized by, or in any way associated with Plaintiff;

 iii. From distributing further copies of "Fighters Uncaged" unless and until all references to the UFC® Marks, including the ULTIMATE FIGHTING® name and mark, or confusingly similar variations thereof, are removed in their entirety from the video game packaging;

 iv. From otherwise infringing Plaintiff's registered trademarks;

 v. From otherwise unfairly competing with Plaintiff; and

 vi. From otherwise diluting or tarnishing Plaintiff's marks and business reputation.

B. That Defendant account to Plaintiff for all gains, profits and advantages derived from Defendant's wrongful acts, including disgorgement of the profits unjustly earned by Defendant;

C. That Defendant immediately deliver to Plaintiff, or be compelled to destroy, all copies of materials that infringe Plaintiff's trademarks, including any and all materials currently in Plaintiff's possession, custody or control, all materials currently in any distribution network, and any and all materials currently for sale in the marketplace;

D. An award of all compensatory, consequential, statutory and incidental damages suffered by Plaintiff, the exact amount to be proven at trial;

E. An award of exemplary damages for Defendant's willful and malicious conduct;

F. An award of three times the amount of the damages pursuant to 15 U.S.C. § 1117(a);

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

1  G.  An award of all attorney's fees and the costs of suit, including interest, incurred by Plaintiff; and

2  H.  All other relief to which Plaintiff is entitled.

DATED: December 9, 2010.

Respectfully submitted,

LEWIS AND ROCA LLP

By /s/
Michael N. Feder
John L. Krieger
Franchesca V. Van Buren
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
*Attorneys for Plaintiff*